a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

BRANDON ROUGEAU #6228,         CIVIL DOCKET NO. 1:22-CV-01340
Plaintiff                                         SEC P

VERSUS                          JUDGE TERRY A. DOUGHTY

TONY EDWARDS ET AL,       MAGISTRATE JUDGE PEREZ-MONTES
Defendants

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 5) filed by pro se Plaintiff Brandon Rougeau ("Rougeau"). Rougeau is a pretrial detainee at the Catahoula Correctional Center ("CCC") in Harrisonburg, Louisiana. Rougeau alleges that he was denied constitutionally adequate medical care and conditions of confinement.

To determine if Rougeau is entitled to relief, he must AMEND the Complaint.

I.    Background

Rougeau alleges that he was housed without a mattress for 30 days. ECF No. 5 at 3. He also complains that CCC keeps the thermostat at 58 degrees and that inmates smoke in the dorms. *Id.* Rougeau alleges that his request for medical care for back pain has been ignored. *Id.*

II.    Law and Analysis

Purusant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief."  The pleading standard that Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (citations omitted).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rougeau seeks monetary damages from Sheriff Tony Edwards, Nurse Robins, Lt. Price, Sgt. Beasy, and Warden Book.  However, he does not allege how each Defendant violated his rights.  Thus, Rougeau must amend and state:

(1) the name(s) of EACH person who allegedly violated Plaintiff's constitutional rights;

(2) a description of what actually occurred AND what EACH Defendant did to violate Plaintiff's rights;

(3) the place and date(s) that EACH  event occurred, including the dates on which he requested medical care at CCC and to whom each request was made; and

(4) a description of the injury sustained from EACH alleged violation.

## III.  Conclusion

Because Rougeau must provide additional information to support his claims, IT IS ORDERED that he AMEND his Complaint (ECF No. 5) within 30 days of the date of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.  Petitioner is further

required to notify the Court of any change in his address under Rule 41.3 of the Local

Rules for the Western District of Louisiana.

SIGNED on Monday, August 22, 2022.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE